IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DENNIS SHAWN SCHUCH,

    Plaintiff,

v.                              Civil Action No. 5:05CV160
                                        (STAMP)

WILLIAM CIPRIANI and
LAW OFFICE OF CIPRIANI
& PAUL, LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION,
DENYING PLAINTIFF'S MOTION TO WITHDRAW COMPLAINT,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
DENYING THE DEFENDANTS' MOTION TO STRIKE AS MOOT
AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I.    Background

The above-styled action arises out of criminal charges brought against Dennis Shawn Schuch ("Schuch") in 2002. Specifically, the United States charged Schuch in a three-count indictment related to the distribution of illegal substances. The defendant in this civil action, William Cipriani ("Cipriani") of the Law Office of Cipriani & Paul, LLC, defended Schuch against those criminal charges as Schuch's court-appointed counsel. On July 9, 2002, Schuch entered into a plea agreement with the United States, in which he pleaded guilty to aiding and abetting in the distribution of 10.4 grams of lysergic acid diethylamide ("LSD") within 1,000 feet of a protected location. On November 4, 2002, Schuch was

sentenced to 163-months imprisonment pursuant to the United States Sentencing Guidelines.

On October 16, 2003, Schuch filed a motion pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. Following a report and recommendation from Magistrate Judge James E. Seibert, this Court accepted and adopted the magistrate judge's finding that Schuch's sentence had been improperly calculated based upon the weight of liquid solution or mixture and not just pure LSD. This Court further adopted the magistrate judge's finding that Schuch's counsel had failed to object to the miscalculation and Schuch was improperly sentenced to a sentence that was 43 months longer than appropriate under the Guidelines. Accordingly, this Court adopted the magistrate judge's finding that Schuch's counsel had been ineffective with regard to Schuch's sentencing and on November 1, 2004, this Court re-sentenced Schuch to 120-months imprisonment.

On September 19, 2005, the above-styled action was filed by Schuch alleging legal malpractice against Cipriani for his representation of the criminal matter described above. The plaintiff has also filed a motion for summary judgment and a reply to the defendants' answer to his complaint. In addition, the defendants filed a motion to strike the plaintiff's reply and a motion to dismiss and/or for summary judgment.

Following the defendants' motion to dismiss and/or for summary judgment, the magistrate judge entered a <u>Roseboro</u> notice advising the plaintiff of his right to file counter-affidavits or other responsive material. Moreover, the magistrate judge advised the plaintiff that failure to properly respond to the defendants' motion to dismiss and/or for summary judgment could result in the entry of summary judgment against the plaintiff. Schuch was directed to respond to the defendants' motion to dismiss and/or for summary judgment within thirty days of the <u>Roseboro</u> notice. The plaintiff was then given an extension to file his response on or before May 19, 2006.

The plaintiff failed to file a response on or before May 19, 2006, and on May 22, 2006, the plaintiff filed a motion to withdraw his complaint. This Court addresses the plaintiff's motion to withdraw in the context of the defendants' motion to dismiss and/or for summary judgment and finds the plaintiff's motion to withdraw his complaint should be denied and that the defendants' motion to dismiss should be granted for lack of subject matter jurisdiction.

## II. <u>Discussion</u>

A. <u>Jurisdiction</u>

Before this Court may consider the plaintiff's motion for summary judgment, the plaintiff's motion to withdraw, the defendants' motion to strike or the defendants' motion for summary judgment, this Court must determine whether it has subject matter

jurisdiction over the plaintiff's action.  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998)(jurisdiction cannot be assumed even where legal issues could be readily resolved or prevailing party on merits would be the prevailing party where jurisdiction is denied).  The plaintiff contends that this Court has subject matter jurisdiction based on both a federal question and diversity.  After considering the plaintiff's complaint and the defendants' motion to dismiss, this Court finds it does not have subject matter jurisdiction based on either a federal question or diversity.

    1.    Federal Question

District courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Subject matter jurisdiction is not necessarily defeated by the possibility that the plaintiff's complaint might fail to state a cause of action.  Steel Co., 523 U.S. at 89.  In other words, where a plaintiff alleges facts upon which relief could be granted pursuant to a federal question, a court should not dismiss for lack of subject matter jurisdiction. Da Silva v. Kinsho Int'l Corp. 229 F.3d 358, 361-366 (2d Cir. 2000).  However, subject matter jurisdiction based on a federal question will not exist where the federal claim is "immaterial" or "wholly insubstantial and frivolous."  Steel Co., 523 U.S. at 89.

In this civil action, the plaintiff alleges legal malpractice arising out of federal criminal proceedings. The only federal source of law cited by the plaintiff is the Sixth Amendment. Although the Sixth Amendment was the basis for the plaintiff's habeas petition through which he sought to have his sentence reduced, the plaintiff's malpractice claim is based on state law rather than his constitutional right to effective assistance of counsel. As other courts have held, legal malpractice claims are essentially state law claims. See Hays v. Bryan Cave, LLP, 446 F.3d 712, 713 (7th Cir. 2006)(directing district court to remand case to state court for lack of subject matter jurisdiction). As the Seventh Circuit has held, though a malpractice claim may grow out of the defense of a federal criminal, such claim does not create a federal question, even where its resolution would require a substantial evaluation of applicable federal law. Id.[1] Accordingly, the plaintiff's reliance on the Sixth Amendment in this action is misplaced and his malpractice claim creates no federal question for jurisdictional purposes.

2. Diversity

District courts also have original jurisdiction in all civil actions when a matter in controversy exceeds the sum or value of

---

[1] See also Bilal v. Bell, 944 F.2d 842 (8th Cir. 1993)(unpublished)("a legal malpractice action does not raise a federal question"); Jost v. State of Oregon, 923 F.2d 862 (9th Cir. 1991)(unpublished)(same).

5

$75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. The plaintiff wishing to bring suit in federal court has the burden of proving complete diversity and the requisite amount in controversy. See Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When considering diversity for jurisdictional purposes, a prisoner's domicile is presumed to be where he was domiciled prior to incarceration. Palokoff v. Henderson, 370 F. Supp. 690, 693 (N.D. Ga. 1973), aff'd, 488 F.2d 977 (5th Cir. 1974)(cited with approval, Roberts v. Morchower, 956 F.2d 1163 (4th Cir. 1992)(unpublished)). Where the inmate demonstrates an intention to change domicile, the presumption is rebuttable. See Jones v. Hadican, 552 F.2d 249 (8th Cir. 1977).

In this action, Schuch has not alleged any facts to establish complete diversity. Moreover, the defendant, Cipriani, is and was a resident of West Virginia at the time the complaint in this action was filed. Moreover, the plaintiff was a resident of West Virginia at the time of his arrest. Although Schuch is currently incarcerated in Alabama, he has not alleged any facts establishing an intention to change his domicile from West Virginia, and therefore, he remains domiciled in West Virginia for jurisdictional purposes. Palokoff at 693. Accordingly, the parties in this action are not diverse, and subject matter jurisdiction does not exist pursuant to § 1332.

For the reasons stated above, the defendants' motion to dismiss must be granted and this action must be dismissed for lack of subject matter jurisdiction. Moreover, the plaintiff's motion for summary judgment, the plaintiff's motion to withdraw, the defendants' motion to strike and the defendants' motion for summary judgment must be denied for lack of jurisdiction.

III. Conclusion

For the reasons stated above, the defendants' motion to dismiss for lack of subject matter jurisdiction is hereby GRANTED. Accordingly, the plaintiff's motion to dismiss, the plaintiff's motion for summary judgment, the defendants' motion to strike and the defendants' motion for summary judgment are DENIED for lack of subject matter jurisdiction.[2]

---

[2] It should be noted that if this Court had subject matter jurisdiction, the plaintiff's complaint would fail on the merits. Because an answer and a motion for summary judgment has been filed by the defendants, the plaintiff's right to dismiss is not absolute, but requires the plaintiff to proceed pursuant to Rule 41(a)(2). Under Rule 41(a)(2), "a plaintiff may not obtain a non-prejudicial voluntary dismissal simply to circumvent adverse rulings." Teck Gen. Partnership v. Crown Cent. Petroleum, 28 F. Supp. 2d 989, 992 (E.D. Va. 1998). This Court finds that the defendants' motion for summary judgment would be granted based on the applicable two year statute of limitations, see Hall v. Nichols, 400 S.E.2d 901, 904-5 (W. Va. 1990), which accrued when the plaintiff knew, or should have known, of the facts underlying this action. Vansickle v. Kohout, 599 S.E.2d 856, 860 (W. Va. 2004). This Court agrees with the defendants that this date would have been prior September 9, 2003, the date on which the plaintiff quite his job at the commissary to work on his habeas petition. Accordingly, if this Court had subject matter jurisdiction, the plaintiff's motion to dismiss would have been denied and the defendants' motion for summary judgment would have been granted. The defendants' motion to strike and the plaintiff's motion for

7

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    June 13, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

summary judgment would have been denied as moot.